[No. B020924. Second Dist., Div. Six. Feb. 19, 1988.]

THE PEOPLE, Plaintiff and Respondent, v.
LAWRENCE ALAN DECKER, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

---

* Pursuant to rule 976.1 of the California Rules of Court this opinion is certified for partial publication. The portions to be published follow.

COUNSEL

Glenn Durfee, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, Donald E. de Nicola and Patrick T. Brooks, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**STONE (S. J.), P. J.**—Lawrence Alan Decker appeals from the judgment following conviction of four counts of lewd or lascivious acts with a child under the age of fourteen (Pen. Code, § 288, subd. (a)) and findings that he served two prior prison terms (Pen. Code, §§ 667.51, subd. (c) and 1203.066, subd. (a)(5)) and previously was convicted of a serious felony

(Pen. Code, § 667, subd. (a).)[1] The trial court sentenced him to four consecutive fifteen-year-to-life terms and to one 5-year enhancement for an aggregate state prison term of sixty-five years to life.

Appellant contends that the trial court improperly imposed four 15-to-life sentences. We find no reversible error and affirm the judgment.

. . . . . . . . . . . . . . . . . . . . . .*

## DISCUSSION

. . . . . . . . . . . . . . . . . . . . . .*

*Fifteen-year-to-life sentence is a term of imprisonment and not an enhancement.*

■  Appellant contends that the 15-year-to-life provision of section 667.51, subdivision (c) is an enhancement which can be imposed only once, pursuant to the reasoning in *People* v. *Tassell* (1984) 36 Cal.3d 77, 90 [201 Cal.Rptr. 567, 679 P.2d 1]. In *Tassell,* the Supreme Court explained that section 1170.1 refers to two kinds of enhancements: (1) those which go to the nature of the offender, and (2) those which go to the nature of the offense. "Enhancements for prior convictions—authorized by sections 667.5, 667.6 and 12022.1—are of the first sort. The second kind of enhancements—those which arise from the circumstances of the crime—are typified by sections 12022.5 and 12022.7: was a firearm used or was great bodily injury inflicted? Enhancements of the second kind enhance the several counts; those of the first kind, by contrast, have nothing to do with particular counts but, since they are related to the offender, are added only once as a step in arriving at the aggregate sentence." (36 Cal.3d at p. 90.)

Appellant contends that since the enhancements of section 667.51 have to do with the nature of the offender, and not the offense, the court therefore can add those enhancements only once to arrive at the aggregate sentence. He concedes that whether the rule of *Tassell* applies depends upon whether the 15-year-to-life sentence in section 667.51 is an enhancement. California Rules of Court, rule 405(c), applicable to determinate sentencing provisions, defines an enhancement as an additional term of imprisonment added

---

[1] All statutory references hereinafter are to the Penal Code unless otherwise specified.
* See footnote, *ante,* page 694.

to the base term. (See Cal. Rules of Court, rule 403.) "Base term" is defined as "the determinate prison term selected from among the three possible terms prescribed by statute or the determinate prison term prescribed by law if a range of three possible terms is not prescribed." (Rule 405(b).)

Section 667.51, as it read at the time pertinent herein, provided: "(a) Any person who is found guilty of violating Section 288 shall receive a five-year enhancement for each prior conviction of an offense listed in subdivision (b) . . . . (c) A violation of Section 288 by a person who has served two or more prior prison terms as defined in Section 667.5 for a violation of an offense listed in subdivision (b) is punishable as a felony by imprisonment in the state prison for 15 years to life. . . ."

As appellant concedes, by the express language of rule 405(c), the former is an enhancement; the latter is not. However, he argues that since both subdivisions (a) and (c) impose harsher terms for past conduct—one by enhancing punishment and the other by substitution of a harsher punishment, both intensify or "enhance" the sentence. He further argues that rule 405(c) failed to anticipate later statutory provisions which would substitute instead of specify a harsher term to be added to the base sentence. We disagree with appellant's reasoning but believe that rule 405 does not furnish the key to the solution.

The only appellate court which has discussed the question posed here, albeit in dicta and without analysis, concluded that section 667.51, subdivision (c) provides for a term of imprisonment and not an enhancement. (*People* v. *Rodriguez* (1984) 152 Cal.App.3d 289, 297 [199 Cal.Rptr. 433].) We find that conclusion correct. *People* v. *Tassell, supra,* 36 Cal.3d 77, concerned the imposition of enhancements for prior convictions set forth in section 667.5 pursuant to the determinate sentencing provisions of section 1170.1 and construed only determinate sentencing provisions for recidivist enhancements. Indeterminate terms such as those imposed here are not affected by the determinate sentencing provisions of the pertinent chapter and are not enhancements within the meaning of *Tassell*.

Section 1170 provides in pertinent part: ". . . Nothing in this article [art. 1, ch. 4.5, tit. 7] shall affect any provision of law which . . . expressly provides for imprisonment in the state prison for life." Consequently, any interpretation of the sentencing provisions of section 1170.1, contained in the same article, is inapplicable to a statutory provision for a term of life. The term of life prescribed by section 667.51, subdivision (c), is therefore, an indeterminate prison term. (See also § 667.7.)

■ Appellant also contends that imposition of multiple sentences pursuant to section 667.51, subdivision (c), violates the prohibition against double

punishment for the same conduct. (§ 654.) He analogizes imposition of consecutive 15-year-to-life sentences to imposition of multiple enhancements for the same act of inflicting great bodily injury, citing *People* v. *Moringlane* (1982) 127 Cal.App.3d 811, 816-817 [179 Cal.Rptr. 726] in which the appellate court held that section 654 permitted only one such enhancement for the same conduct. He contends his sentences were imposed for the same prior conviction. We are unpersuaded by these arguments.

Section 654 prohibits multiple punishment under different code provisions for a single "act or omission." (*People* v. *Craft* (1986) 41 Cal.3d 554, 559, fn. 2 [224 Cal.Rptr. 626, 715 P.2d 585].) Nothing in that section prohibits the use of the same priors to determine the appropriate sentence on more than one present offense. Section 667.51, subdivision (c), like other recidivist punishment statutes which impose increased sentences for repeat offenders, merely specifies the applicable sentence upon the present conviction for one with a certain criminal history. It is the current offense which calls for the penalty, the magnitude of which is attributable to appellant's status as a repeat offender. (*People* v. *Jackson* (1985) 37 Cal.3d 826, 833 [210 Cal.Rptr. 623, 694 P.2d 736].) That status, which is based on prior convictions, existed at the time he committed each offense. While the status calls for the increased sentence, it is the new criminal conduct rather than the status which is being punished. Therefore, section 654 does not apply.

The cases relied on by appellant are inapposite and do not require a different result here. Cases cited by appellant concern enhancements which go to the nature of the offense such as those set forth in sections 12022.5 and 12022.7 and the circumstances under which more than one enhancement term can be imposed.[3] Those enhancements are based on the conduct of the accused in committing the offense. Therefore, even assuming section 654 was applicable to some enhancements (cf. *People* v. *Boerner* (1981) 120 Cal.App.3d 506, 511 [174 Cal.Rptr. 629] with *People* v. *Moringlane, supra,* 127 Cal.App.3d 811) it has no such applicability here since, as noted above, section 667.7 does not provide for an enhancement.

Nor are we presented with a case in which both the penal statute and the recidivist enhancement statute operate on a single fact, e.g., whether a person could be convicted of the offense of felon in possession of a firearm and also receive a sentence enhancement for a prior felony conviction based upon the same felony which triggered the substantive charge. Cases uniformly held in those circumstances that both provisions could not be ap-

---

[3]See, e.g., *In re Culbreth* (1976) 17 Cal.3d 330 [130 Cal.Rptr. 719, 551 P.2d 23]; *People* v. *Cardenas* (1982) 31 Cal.3d 897 [184 Cal.Rptr. 165, 647 P.2d 569]; *People* v. *Moringlane, supra,* 127 Cal.App.3d 811.

plied to determine the term on a single offense. (See, e.g., *People* v. *Wilks* (1978) 21 Cal.3d 460, 470 [146 Cal.Rptr. 364, 578 P.2d 1369] and *People* v. *Edwards* (1976) 18 Cal.3d 796, 800 [135 Cal.Rptr. 411, 557 P.2d 995].)

Unlike prior examples, section 667.51, subdivision (c) does not impose an enhancement nor rely on the same fact more than once in setting a single term. As to each new violation of 288 by a person who has served two or more prior prison terms for specified offenses, the statute imposes a harsher indeterminate sentence than the determinate sentence applicable to nonsimilarly situated recidivist offenders. Appellant's recidivist status did not cease upon his commission of the first of the current offenses. Nothing in the statute, as it then read, nor in case law nor in section 654 prohibits the imposition of the 15-year-to-life term as to each qualifying offense.[4]

.   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .   .*

The judgment is affirmed.

Gilbert, J., and Abbe, J., concurred.

---

[4] Section 667.51, subdivision (c) has been replaced by the current subdivision (d) which provides in part: "A violation of Section 288 by a person who has been previously convicted two or more times of an offense listed in subdivision (c) is punishable as a felony by imprisonment in the state prison for 15 years to life. However, if the two or more prior convictions were for violations of Section 288, this subdivision is applicable only if the current violation or at least one of the prior convictions is for an offense other than a violation of subdivision (a) of Section 288. . . ."

* See footnote, *ante,* page 694.