[No. D013124. Fourth Dist., Div. One. June 18, 1992.]

THE PEOPLE, Plaintiff and Respondent, v.
IVOR GEORGE WEBB, Defendant and Appellant.

**[Opinion certified for partial publication.[1]]**

[1]Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of part II.

COUNSEL

R. Clayton Seaman, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Harley D. Mayfield, Assistant Attorney General, Rudolf Corona, Jr., and Keith I. Motley, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**WIENER, Acting P. J.—** In a criminal trial the court must decide whether an alleged prior felony conviction is an element of the pending offense or is information solely for the benefit of the court at sentencing. The reason for this is that where it is an element of the offense, article I, section 28, subdivision (f) of the California Constitution requires that the earlier conviction be proved to the trier of fact in open court. If it is only a factor to be considered at sentencing, the defendant can admit its truth under Penal

Code section 1025[2] and prevent the jury from hearing about it when the charge is read or at any other time during trial. (See also § 1093.)

The issue here where the defendant, Ivor George Webb was charged with two counts of violating section 288, subdivision (a) and of having three prior convictions for sex offenses within the meaning of section 667.51, subdivision (d)[3] is whether the court properly denied Webb's request to admit his convictions resulting in the jury hearing evidence on the truth of the priors. Adopting the analysis used by the California Supreme Court in *People* v. *Bouzas* (1991) 53 Cal.3d 467 [279 Cal.Rptr. 847, 807 P.2d 1076], we conclude that in light of Webb's desire to admit his convictions the court erred in allowing the truth of the prior convictions to be decided by the jury. We hold a prior conviction alleged under section 667.51 is an allegation for purposes of punishment and is not an element of the pending charge. We decide, however, that the error was not prejudicial and accordingly affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

Christine C. moved into a San Diego apartment building managed by Webb. Christine's daughters Cindy (age six) and Elizabeth (age four) and her boyfriend lived with her. On February 8, 1989, Christine left the girls with a babysitter. When Christine returned, Elizabeth told her Webb had put his "bone" (penis) in her mouth. Cindy later related Webb had done the same to her.

Webb was charged in several counts with committing lewd acts (§ 288, subd. (a)), on Elizabeth and Cindy. The information also charged him with exhibiting harmful material to a minor (§ 313.1, (count 3)). The first two

---

[2]All statutory references are to the Penal Code unless otherwise specified.

Section 1025 provides in relevant part: "When a defendant who is charged in the accusatory pleading with having suffered a previous conviction . . . he must be asked whether he has suffered such previous conviction. . . . In case the defendant pleads not guilty, and answers that he has suffered the previous conviction, the charge of the previous conviction must not be read to the jury, nor alluded to on the trial."

[3]Section 667.51, subdivision (d) provides: "A violation of Section 288 by a person who has been previously convicted two or more times of an offense listed in subdivision (c) is punishable as a felony by imprisonment in the state prison for 15 years to life. However, if the two or more prior convictions were for violations of Section 288, this subdivision is applicable only if the current violation or at least one of the prior convictions is for an offense other than a violation of subdivision (a) of Section 288. For purposes of this subdivision, a prior conviction is required to have been for charges brought and tried separately. . . ."

Crimes within the ambit of section 667.51, subdivision (d) are rape (§ 261), forcible rape in concert with another (§ 264.1), sodomy (§ 286), lewd or lascivious acts with a child under age 14 (§ 288), oral copulation (§ 288a), continuous sexual abuse of a child (§ 288.5) and penetration of a genital or anal opening by a foreign object (§ 289). (§ 667.51, subd. (c).)

counts also allege Webb had three prior convictions for sex offenses within the meaning of section 667.51, subdivision (d).[4] The same convictions were separately alleged as serious felony priors. (§§ 667, subd. (a), 1192.7, subd. (c)(6).)

Webb's first trial ended in a mistrial after the jury failed to reach a verdict. On retrial, the case here, the girls' testimony was read to the jury.

Cindy testified Webb asked them to play in his apartment. He let them play video games and showed them dolls and stuffed animals. He showed Cindy a picture of a man with his penis in a woman's mouth. Webb then blindfolded Cindy with a towel and put his penis in her mouth. Cindy saw him do the same to Elizabeth.

Elizabeth testified Webb put the same towel over her eyes but she could see through it. He put his penis in her mouth three times. White grease came out. In Webb's apartment police found magazines depicting acts of oral copulation and a trash bag containing dolls and stuffed animals.

The People also read the 1983 testimony of Raquel P. to the jury. In 1982, when Raquel was seven years old, she visited a trinket shop operated by Webb. Webb asked her if she wanted to play games. He locked the store and put a yellow shirt over her eyes. Raquel heard a zipper open and Webb told her to open her mouth. Webb put his penis in her mouth.

The jury found Webb guilty of all counts and the three prior convictions were true. Webb appeals the judgment.

## DISCUSSION

### I

At an earlier time a trial court had considerable discretion in dealing with alleged prior felony convictions. Guided by concerns of fairness courts permitted defendants to admit the priors to prevent the jury from hearing evidence of earlier criminal conduct. (*People* v. *Pierson* (1969) 273 Cal.App.2d 130, 132 [77 Cal.Rptr. 888].) The addition of article I, section 28, subdivision (f) in 1982 to the California Constitution changed this. As *People* v. *Bouzas, supra*, 53 Cal.3d 467 more fully explains, there is now a significant doctrinal difference between a prior felony as an element of the crime and as a sentencing factor.

---

[4]The prior convictions were August 7, 1973, section 288 (CR28620); August 26, 1976, section 288a (CR37781); October 15, 1984, section 288 (CR59670), all in the County of San Diego.

*Bouzas* noted a prior conviction and incarceration as a result thereof had been historically treated as a "sentencing factor for the court and not a matter for the jury to consider in relation to the present offense on which the defendant is being tried." (53 Cal.3d at p. 473.) Where the prior felony conviction is an element of the offense, however, article I, section 28, subdivision (f) of the Constitution requires it must be proved in open court. Thus it is essential a trial court correctly identify whether the earlier conviction is an element of the charge or whether it relates solely to increased punishment. Where it is the former the jury necessarily learns of it. When it is the latter the jury does not.

*Bouzas* explained where the definition of the crime includes the offender's status, for example, being an ex-felon in possession of a concealable firearm (§ 12021) or a life prisoner who commits an assault (§ 4500), status becomes an element of the offense. (*Bouzas, supra,* 53 Cal.3d at p. 479, citing *People v. Robles* (1970) 2 Cal.3d 205, 213 [85 Cal.Rptr. 166, 466 P.2d 710].) In contrast in a charge of petty theft with a prior theft-related conviction (§ 666), the prior conviction relates only to sentencing. (*Bouzas* at p. 479.) That is so because section 666 is "part of title 16 of the Penal Code which is directed primarily to sentencing and punishment matters, to the exclusion of statutes defining substantive crimes." (53 Cal.3d at p. 478.) It is "structured to enhance the punishment for violation of other defined crimes and not to define an offense in the first instance. . . . [¶] [It] puts a defendant on notice . . . that if he is convicted of the substantive offense and if the prior conviction and incarceration allegation of section 666 is admitted or found true, he faces enhanced punishment at the time of sentencing." (*Id.* at pp. 478-479.)

 Applying the reasoning in *Bouzas* to the charge here, section 667.51 is also part of title 16 and on its face establishes terms of punishment, not substantive crimes.[5] A person charged with a section 667.51 allegation is put on notice if found guilty of child molestation and the prior conviction or convictions are also found true, that person will face either a five-year enhancement (subd. (a)), or a fifteen-years-to-life sentence (subd. (d)). Unlike possession of a firearm by an ex-felon or assault by a prisoner, the status of a person charged with child molestation does not make the crime

---

[5]See also *People* v. *Weathington* (1991) 231 Cal.App.3d 69, 87 [282 Cal.Rptr. 170] (Veh. Code, § 23175, providing for increased penalties for persons convicted of driving under the influence when the offense occurred within seven years of three or more separate violations of driving under the influence or reckless driving, is a penalty provision); *People* v. *Young* (1991) 234 Cal.App.3d 111, 113 [285 Cal.Rptr. 583], (Pen. Code, § 666.5, providing for increased penalties for second offense of felony theft of automobiles).

itself any different. Rather a repeat offender will be further punished. We conclude section 667.51 establishes a punishment, not a discrete crime.[6]

II*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

DISPOSITION

Judgment affirmed.[7]

Work, J., and Benke, J., concurred.

A petition for a rehearing was denied July 6, 1992, and appellant's petition for review by the Supreme Court was denied September 16, 1992.

---

[6]The People argue *People* v. *Decker* (1988) 199 Cal.App.3d 694 [245 Cal.Rptr. 40] controls because it established the 15-year-to-life provision in section 667.51, subdivision (d) (formerly (c)) is not an enhancement. *Decker,* however, dealt with whether a person convicted of multiple counts under section 288 could be sentenced to a term of 15 years to life on each count under section 667.51, or whether multiple sentences violate the prohibition against double punishment for the same conduct under section 654. *Decker* concluded the 15-year-to-life provision is a term of imprisonment and can be imposed on multiple counts. To the extent *Decker* applies here, its holding is not inconsistent with our conclusion the section 667.51 delineates terms of imprisonment, not substantive crimes. We note Webb does not appeal his consecutive 15-year-to-life sentences.

*See footnote 1, *ante,* page 575.

[7]Implicit in our opinion is our rejection that this appeal is precluded because of our denial of Webb's earlier petition seeking extraordinary relief on the same basis as the issue presented here (D012146). In light of the intervening decision in *People* v. *Bouzas, supra,* 53 Cal.3d 467 and the fact that our earlier decision is not the law of this case, we have been required to decide it on the merits.