[No. B116694. Second Dist., Div. Four. Oct. 7, 1998.]

THE PEOPLE, Plaintiff and Respondent, v.
ALEXANDER HALL, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

---

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of parts I, IV, V and VII of Discussion.

COUNSEL

Mary G. Swift, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Carol Wendelin Pollack, Assistant Attorney General, Lance E. Winters and Deborah J. Chuang, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**EPSTEIN, J.**—Alexander Hall appeals from the judgment entered following a jury trial that resulted in his conviction of receiving stolen property (Pen. Code, § 496, subd. (a); count 1);[1] felony carrying of a concealed firearm in a vehicle (§ 12025, subd. (a)(1); count 2); conspiracy to commit robbery (§§ 182, subd. (a)(1), 211; count 3); and court findings that he had suffered two prior serious or violent felony convictions which qualify as strikes under the "Three Strikes" law (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)), and had served a prior prison term (§ 667.5, subd. (b)). He was sentenced to prison for 25 years to life on each of counts 1 and 3. He was awarded 292 days' precommitment credit, consisting of 254 days' custody and 38 days' conduct credit.

In the published portion of this opinion, we hold that, for purposes of Penal Code section 12025—felony carrying of a concealed firearm in a vehicle—defendant's status as a convicted felon is a sentencing factor, not an element of the crime. The trial court erred in instructing that it was an element, but its error was harmless. We also hold that where the evidence does not enable a decision whether multiple present felonies arose on the same occasion or out of the same set of operative facts, the trial court has discretion whether to impose consecutive or concurrent terms for those crimes; but it is not compelled to impose consecutive sentences.

We deal with appellant's other contentions in the unpublished portion of this opinion.

---

[1] All further section references are to the Penal Code.

## Factual Summary

We view the evidence in the light most favorable to the People. (*People* v. *Ochoa* (1993) 6 Cal.4th 1199, 1206 [26 Cal.Rptr.2d 23, 864 P.2d 103].) The following summary is based on this standard.

On January 28, 1997, about 11 p.m., Arturo Salazar parked his 1987 black Plymouth Voyager van at his residence in the San Fernando Valley area of Los Angeles. During the early morning hours of January 29, the manager of his apartment building told him the van had been stolen.

Between 10 and 11 a.m. on January 29, Jay Torres saw the stolen van exit a back alley near Whitsett Avenue in the San Fernando Valley. The vehicle did not have a license plate. Torres called the police and reported that the van, which contained five people, had circled the area around the alley at least twice during a half-hour period.

In response to the call, Los Angeles Police Officer Mario Rivas drove his police car into the alley. It was then about 11:30 a.m. Upon sighting the stolen van, Rivas identified himself as a police officer. He was about to initiate a stop when all five occupants jumped out of the van. The van continued moving until it collided with the police car. One of the passengers exited out of the driver's door, a second from the front passenger door, and the rest through the sliding passenger door. There was no one in the alley other than these five individuals and the police.

The driver ran off in one direction and the four passengers in another. Officer Rivas, who was about 10 to 15 feet away, pursued the 4 passengers. He "got three good looks" at one of them, the appellant, before the latter climbed over a fence and got away.

Officer Rivas set up a perimeter by calling for backup units to take posts at certain corners so that no one could enter or leave the secured location. About 2 p.m., during a search within that area, uniformed officer Joe Flores saw appellant exiting from the area of some apartments. Upon spotting Flores, appellant immediately ran across the street, then jumped over a parked car in an alley and over several fences before attempting to enter a house by making "jerking motions to the door handle" of the house.

Appellant was arrested. Officer Rivas positively identified him as one of those who had exited the van. Officer Rivas recovered a Fila shoe in the pathway that the four suspects had run through. The shoe matched the shoe appellant was wearing when arrested.

The plastic behind the steering wheel of the van had been ripped open, enabling someone to "hot wire" the van, thereby activating the ignition without a key. The front window and passenger window had been broken.

During a search of the van, Officer Rivas found a loaded sawed-off shotgun with a pistol grip. The shotgun was on the floorboard, between the driver and the passenger seating area.[2] In the center of the van, Officer Rivas found a simulated handgun with a bandanna wrapped around its muzzle. He also found five colored nylon stockings, tied off at the top and with eye and nose holes. These were on the van floor, alongside the other items. Also found was a brown glove and a sling for carrying a shotgun. None of these items were in the van when it was stolen.

Officer Rivas testified that robbers typically use stolen guns and stolen cars. He further opined that empty pillowcases, shotguns, "fabricated" firearms, and masks, such as those he found, are commonly used in robberies.

Officer Chris McKinney, a gang expert, testified that Brian Harrold, one of the van occupants chased by Officer Rivas and later arrested, admitted he was a Whitsett gang member. Appellant was an "associate" of that gang, which means that he participated and assisted the gang in its criminal activities, although he is not a member of the gang. Officer Kevin Scroggins testified that when he contacted appellant in July 1991, appellant was with Harrold. Officer McKinney stated that the Whitsett Avenue gang was comprised of members from various gangs and was formed for the purpose of starting up "an enterprise of money making by illegal means or illicit means."

Officer Tim Shaw testified that he personally had investigated takeover robberies involving members of the Whitsett Avenue gang. They generally used three to six people, one of whom might remain in a stolen vehicle to act as the getaway driver. The gang members wore gloves and disguises, such as ski masks, and used shotguns, handguns and rifles to take over complete control of a business before robbing the business and its customers. Prior to the present incident, Harrold and Joseph Corson, other occupants of the van, were chased by Officer Rivas and later apprehended. They admitted to Officer Shaw that they were Whitsett Avenue gang members

Appellant presented a mistaken identity defense, which the jury implicitly rejected.

### DISCUSSION

### I*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . .

---

[2]The van seating consisted of a "[d]river's seat, passenger seat and two bench seats[.]"
*See footnote, *ante*, page 128.

## II

■ Appellant contends the trial court committed prejudicial error in admitting evidence of his prior conviction because a prior conviction is not an element of carrying a concealed weapon (§ 12025). Respondent concedes error but argues the error was nonprejudicial. We find that position persuasive.

In count 2, appellant was charged with being a convicted person having a concealed firearm in his vehicle, in violation of section 12025, subdivision (a)(1). It also was alleged that he "willfully and unlawfully carr[ied] concealed within a vehicle which was then and there under his . . . control and direction a . . . shotgun, capable of being concealed upon the person," and that he had suffered a 1992 robbery conviction.

Appellant's attorney moved to bifurcate the prior conviction trial from the trial on the substantive offense and to preclude any reference to the prior in informing the jury of the charges. Concluding that a prior conviction is an element of section 12025, the trial court denied the motion.

Based on the court's ruling, appellant admitted and stipulated he was a "convicted person" as that term is defined in count 2 of the information. The court rejected his renewed argument that evidence of his prior conviction should be kept from the jury.

During trial, the jury was informed of the stipulation that appellant "ha[d] been previously convicted of a crime as that term is defined in Count [2] of the information" and was instructed to "accept that [stipulation] as a fact as if there had been testimony to that [fact]."

Section 12025, subdivision (a)(1) (subdivision (a)(1)), in pertinent part, provides: "A person is guilty of carrying a concealed firearm when he or she . . . [¶] [c]arries concealed within any vehicle which is under his or her control or direction [a] firearm capable of being concealed upon the person."

Section 12025, subdivision (b)(1) (subdivision (b)(1)) provides: "Carrying a concealed firearm in violation of this section is punishable as follows: [¶] . . . Where the person previously has been convicted of any felony, or of any crime made punishable by this chapter, as a felony."

"In all cases other than those specified in paragraphs (1) to (5), inclusive [of subdivision (b)(1)], as a misdemeanor, punishable by imprisonment in a county jail not to exceed one year, by a fine not to exceed one thousand dollars ($1,000), or by both that imprisonment and fine." (§ 12025, subd. (b)(6).)

The crime of carrying a concealed weapon within a vehicle is defined in subdivision (a)(1). The prior conviction referred to in subdivision (b)(1) is simply a sentencing factor which serves to elevate the offense from misdemeanor to felony; the prior conviction is not an element of the offense of carrying a concealed firearm within a vehicle proscribed in section 12025. (See *People* v. *Bouzas* (1991) 53 Cal.3d 467, 480 [279 Cal.Rptr. 847, 807 P.2d 1076] [prior conviction and incarceration requirement of section 666 (petit theft with a prior) is sentencing factor for trial court, not "element" of section 666 offense that must be determined by jury]; *People* v. *Merkley* (1996) 51 Cal.App.4th 472, 476 [58 Cal.Rptr.2d 21] [prior conviction allegation for section 314, subdivision 1, or indecent exposure offense with prior conviction charge, is sentencing factor to be determined by court, not element of indecent exposure offense]; *People* v. *Webb* (1992) 7 Cal.App.4th 575, 578-580 [8 Cal.Rptr.2d 904] [section 667.51 prior conviction allegation in conjunction with child molestation charge (§ 288, subd. (a)) is sentencing factor which enhances punishment of repeat offender, not element of child molestation offense]; cf. *People* v. *Baird* (1995) 12 Cal.4th 126, 129 [48 Cal.Rptr.2d 65, 906 P.2d 1220] ["The ex-felon status of a person charged under section 12021 [ex-felon in possession of a firearm] is an element of the offense which must be proved to the trier of fact."].)

A criminal defendant is entitled to stipulate to the truth of a prior conviction alleged under subdivision (b)(1) and thereby preclude the jury from learning of the prior. The reason is that under subdivision (b)(1), the prior conviction is a sentencing factor, not an enhancement of the offense charged. (See, e.g., *People* v. *Bouzas, supra,* 53 Cal.3d 467, 480; *People* v. *Webb, supra,* 7 Cal.App.4th 575, 576-577; cf. *People* v. *Valentine* (1986) 42 Cal.3d 170, 181 [228 Cal.Rptr. 25, 720 P.2d 913] [defendant cannot preclude jury from learning of ex-felon status where ex-felon in possession of a firearm offense charged]; Cal. Const., art. I, § 28, subd. (f) ["When a prior felony conviction is an element of any felony offense, it shall be proven to the trier of fact in open court."].)

In light of the nature of the prior conviction for purposes of subdivision (b)(1), and appellant's stipulation, we find the trial court erred in allowing the jury to learn that he "ha[d] been previously convicted of a crime as that term is defined in Count [2] of the information." But the error was nonprejudicial.

The evidence of appellant's prior conviction was admitted only to establish an element of the charge in count 2. The stipulation itself specifically referred to that count. In his opening argument, the prosecutor referred to a prior conviction only in connection with the count 2 charge, which he characterized as the crime of a "convicted person in possession of a firearm." His only other reference to a prior conviction occurred during closing

argument when he referred to the stipulation that appellant had been previously convicted of a crime and stated that "the People need to prove that a person has been previously convicted of a crime" in order to establish the count 2 offense of "convicted person with a firearm."

In addition, the court expressly instructed the jury that the evidence of appellant's prior conviction was not to be considered for any purpose except to establish a necessary element of the crime charged; the jury was not to speculate regarding the nature of that prior conviction; and the jury was not to be prejudiced against appellant because of such prior conviction. The jury is deemed to have adhered to the court's instructions. (*People* v. *Adcox* (1988) 47 Cal.3d 207, 253 [253 Cal.Rptr. 55, 763 P.2d 906].)

Finally, although the jury considered appellant's prior conviction in reaching its verdict on count 2, it is not likely that appellant would have achieved a more favorable result in the absence of this evidence. The evidence of appellant's guilt is overwhelming. On appeal he only challenges the sufficiency of the evidence to establish the carrying or possession element. As we have discussed, the evidence in this regard is ample.

## III

█ In a related argument, appellant contends the trial court erred in instructing the jury in terms of CALJIC No. 12.46, that an element of a violation of subdivision (a)(1) is that appellant had suffered a prior conviction. Respondent argues the error was nonprejudicial. We find the error to be harmless.

Appellant's attorney objected to the CALJIC No. 12.46 instruction and renewed his objection to evidence of appellant's prior conviction. He also moved for a mistrial because of error in admitting evidence of the conviction. In overruling the objections and denying the mistrial motion, the trial court observed that the Use Note to CALJIC No. 12.46 stated that a prior conviction was a necessary element of the felon-in-possession crime, but that reference to the nature of the prior could be excluded by a stipulation that defendant had suffered the prior conviction.

The trial court instructed the jury that: "Every person who has been previously convicted of a crime as defined by this section and who carries concealed within a vehicle under his control or direction [a] firearm . . . is guilty of a violation of . . . section 12025(a)(1). [¶] In order to prove this crime, each of the following elements must be proved: [¶] 1. A person previously convicted of a crime as defined in this section carried concealed within a vehicle under his control or direction a firearm." This is a modified

version of CALJIC No. 12.46,[4] which contains language to the effect that the prior conviction is an element of a subdivision (a)(1) violation. For the reasons we have stated, we do not believe CALJIC No. 12.46 correctly states the law. But the error in giving the instruction was nonprejudicial "under the harmless error test traditionally applied to misinstruction on the elements of an offense, namely, whether it appears 'beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained[.]' (*Chapman* v. *California* (1967) 386 U.S. 18, 24 . . . .)" (*People* v. *Swain* (1996) 12 Cal.4th 593, 607 [49 Cal.Rptr.2d 390, 909 P.2d 994]; accord, *People* v. *Flood* (1998) 18 Cal.4th 470, 487 [76 Cal.Rptr.2d 180, 957 P.2d 869].)

Contrary to appellant's claim, the instruction that a prior conviction is an element of the offense did not compel "the jury to focus upon appellant's status as a convicted criminal as a condition precedent to a finding of guilt on the charge." The jury was expressly instructed "not [to] speculate as to the nature of the prior conviction" and "not to be prejudiced against" appellant because of his prior conviction. It is presumed to have followed this instruction. (*People* v. *Pinholster* (1992) 1 Cal.4th 865, 919 [4 Cal.Rptr.2d 765, 824 P.2d 571].)

### IV, V*

. . . . . . . . . . . . . . . . . . . . . . . . . . .

### VI

 Appellant argues that remand is required so that the trial court may exercise its discretion whether to impose consecutive or concurrent terms. As we shall explain, we conclude that remand is required for a hearing to

---

[4]CALJIC No. 12.46, as given in this case and as revised in 1997, is entitled "CONCEALABLE FIREARM—CONCEALED WITHIN VEHICLE CONTROLLED BY EX-FELON." Both versions are identical except the 1997 revision substitutes the reference "(b)(5)" in place of "(b)(2)" to conform with the redesignation of certain paragraphs pursuant to a 1996 amendment to section 12025. (Stats. 1996, ch. 787, § 2.)

CALJIC No. 12.46 (1997 rev.) provides in pertinent part: "[Defendant is accused [in Count[s] _____] of having violated section [12025, subdivision (a)(1)/12025, subdivision (b)(1) of the Penal Code, a crime.] [¶] Every person who has been previously convicted of [a felony] [the crime of _____] and who carries concealed within a vehicle under [his] [her] control or direction, with knowledge of its presence, any pistol, revolver, or other firearm capable of being concealed upon the person, is guilty of a violation of Penal Code section [12025, subdivision (a)(1)/12025, subdivision (b)(1)], a crime. [¶] In order to prove this crime, each of the following elements must be proved: [¶] 1. A person previously convicted of [a felony] [the crime of _____] carried concealed within a vehicle under [his] [her] control or direction a _____ [firearm]; [¶] 2. [Defendant] [That person] had knowledge of the presence of the _____ [firearm] and [¶] 3. The _____ [firearm] was capable of being concealed upon the person."

*See footnote, *ante*, page 128.

determine whether the offenses in counts 1 and 3 occurred "on the same occasion" and arose "from the same set of operative facts," and if not, to afford the trial court an opportunity to exercise its discretion to impose consecutive or concurrent sentences. On remand, the People and appellant shall be entitled to present evidence on these issues.

In sentencing, the trial court made no explicit statement as to whether it believed consecutive sentencing was required. If the trial court believed it had discretion to impose a consecutive or concurrent term, it was required to apply the normal rules governing sentence choice. Those rules require the court to provide a statement of reasons for choosing a consecutive term. (§ 1170, subd. (c); Cal. Rules of Court, rule 406(b)(5); *People v. Fernandez* (1990) 226 Cal.App.3d 669, 678 [276 Cal.Rptr. 631] ["The most fundamental duty of a sentencing court is to state reasons justifying the sentencing choices it makes."]; *People v. Lepe* (1987) 195 Cal.App.3d 1347, 1350 [241 Cal.Rptr. 388] [statement not required for concurrent terms].) None were provided. On the other hand, if the court believed that it had no discretion to exercise because consecutive terms were required by the statute, a statement of reasons was not required. (*People v. Dixie* (1979) 98 Cal.App.3d 852, 857 [159 Cal.Rptr. 717].) The problem with the second alternative is that the record does not support the statutory requisites for its application.

■ Sentencing does not concern the determination of guilt or innocence as to the charged crimes; that determination already has been made. "Once guilt has been determined, evidence which would be inadmissible on the issue of guilt may nevertheless be received as bearing on the punishment imposed." (*People v. Peterson* (1973) 9 Cal.3d 717, 725 [108 Cal.Rptr. 835, 511 P.2d 1187].) "In general, 'there is no Sixth Amendment right to jury sentencing, even where the sentence turns on specific findings of fact.' [Citations.]" (*People v. Wiley* (1995) 9 Cal.4th 580, 585 [38 Cal.Rptr.2d 347, 889 P.2d 541].) "[T]he ability of courts to make factual findings in conjunction with the performance of their sentencing functions never has been questioned." (*Id.* at p. 586.)

■ In Three Strikes cases, the court reviews the facts established during trial as well as those proffered at sentencing, and based on its assessment of those facts, it decides whether the current felonies occurred "on the same occasion" and arose "from the same set of operative facts."

If following further hearing, there still is no evidence from which the trial court can determine that the crimes occurred "on the same occasion" *and* arose "from the same set of operative facts" the court is not required to impose consecutive terms. In that situation, the trial court must exercise its discretion to impose concurrent or consecutive terms. The law deprives the

trial court of discretion and requires consecutive sentencing only if the current crimes arose on different occasions and out of different sets of operative facts. It is of no import that the record fails to reveal whether or not the offenses occurred "on the same occasion" if the evidence supports the court's determination that the offenses arose "from the same set of operative facts." For the same reason, if the offenses occurred "on the same occasion," it does not matter whether there is evidence that they did or did not arise from the same set of operative facts." Under these circumstances, the court retains *discretion* under ordinary sentencing principles to decide whether to impose consecutive or concurrent terms.

We find no evidence in the record that would enable the court to determine whether the offenses at issue occurred "on the same occasion" and whether they arose out of the same operative facts.

Appellant was convicted in count 1 of receiving stolen property (§ 496, subd. (a)) and in count 3 of conspiracy to commit robbery (§§ 182, subd. (a)(1), 211). Neither crime is a "violent" or "serious" felony within the ambit of the Three Strikes law. (§§ 667, subd. (d)(1), 1170.12, subd. (b)(1); see also §§ 667.5, 1192.7.)

"If there is a current conviction for more than one felony count not committed on the same occasion, and not arising from the same set of operative facts, the court shall sentence the defendant consecutively on each count . . . ." (§§ 667, subd. (c)(6), 1170.12, subd. (a)(6); cf. §§ 667, subd. (c)(7), 1170.12, subd. (a)(7) [where "current conviction [is] for more than one serious or violent felony"].)

In *People* v. *Hendrix* (1997) 16 Cal.4th 508 [66 Cal.Rptr.2d 431, 941 P.2d 64], our Supreme Court held that "subdivision (c)(6)[, which is identical to subdivision (a)(6) of section 1170.12 in this regard] clearly provides that consecutive sentencing is mandatory for any current felony convictions 'not committed on the same occasion, and not arising from the same operative facts.' " (*Id.* at p. 512.) It further held that "[b]y implication, consecutive sentences are not mandatory under subdivision (c)(6) if the multiple current felony convictions are 'committed on the same occasion' *or* 'aris[e] from the same set of operative facts.' " (*Id.* at pp. 512-513, italics added.) In this situation, unless consecutive sentencing is required by some other statute, the trial court "retain[s] discretion to sentence defendant either concurrently or consecutively." (*Id.* at p. 514.) In *Hendrix* the parties stipulated that the current felonies were committed on the same occasion. Under similar facts, but without a stipulation, the court concluded in a subsequent case that consecutive sentencing was permitted but not required. In that case, the court explained that the "same occasion" requirement "refers at least to a close

temporal and spatial proximity between the acts underlying the current convictions." The trial court retains discretion to sentence consecutively. (*People* v. *Deloza* (1998) 18 Cal.4th 585, 595-596, 599 [76 Cal.Rptr.2d 255, 957 P.2d 945].)

Appellant argues the trial court should have exercised discretion in deciding whether to impose consecutive sentences because the offenses charged in counts 1 and 3 were "committed on the same occasion, and [arose] from the same set of operative facts." He sees the "same occasion" requirement as satisfied because the information alleged that "all of the offenses, and all of the overt acts supporting the conspiracy charge, took place on the same day." He argues that "the same set of operative facts" clause is met because "the overt acts alleged in support of the conspiracy even include the allegation that the van in which the alleged conspirators were riding was stolen, an assertion supporting a finding that the two charges (possession of stolen property—the van—and conspiracy) were part of the same transaction."

Even though committed on almost the same day, the two crimes were not necessarily "committed on the same occasion" and did not necessarily arise out of the same operative facts. There is no evidence in the record from which the trial court could make a factual determination as to where and when appellant committed the crime of receiving stolen property, nor where or when the initial overt act of the conspiracy occurred. Absent such evidence, a determination that the receiving of stolen property offense and the offense of conspiracy to commit robbery were or were not committed "on the same occasion" and did not arise from "the same set of operative facts" cannot be made.

We reprise the pertinent evidence. The van was stolen sometime between *11 p.m. on January 28* and the early morning hours of January 29. Between *10 and 11 a.m. on January 29*, Torres saw the van with five occupants exiting an alley and then circling the area for about half an hour. Around 11:30 p.m., *in response to Torres's call*, Officer Rivas confronted the five occupants of the van in the alley. He chased the four passengers, one of whom was appellant.

We infer, of course, that the crime of receiving stolen property occurred before appellant fled the van. Appellant committed the receiving crime when the driver started the vehicle without a key in its ignition, if he was in the van at that time, or when, with such knowledge, he rode in the van. The crime was complete at that moment; no further act was required. (§ 496, subd. (a).) Although the record does not reflect when or where appellant got into the van, it had to be before Torres first saw the van exit the alley, and at a location other than where Torres made his observation.

██ The crime of conspiracy to commit robbery is not committed until the occurrence of an "overt act." (See *People* v. *Swain, supra,* 12 Cal.4th 593, 600; §§ 182, subd. (a)(1), 184.) ██ The jury was instructed on three overt acts: (1) Harrold, Corson and appellant "were riding in a stolen van which contained a sawed-off shotgun;" (2) They "were riding in a stolen van which contained nylon stocking masks, pillow cases, and a replica firearm"; and (3) They "were riding in a stolen van when stopped by the police[.] [A]ll jumped from the van while it was still moving and ran from the police." The evidence established that the van was stolen before Torres saw it circling the area, and that the theft occurred somewhere else. The same is true as to when the three perpetrators entered the van, and when robbery paraphernalia were placed in the van. No evidence was presented to show where and when appellant got into the van—whether before, at the same time as, or after Harrold, Corson, and the robbery paraphernalia came into the van.

In view of the foregoing, we remand the matter for a new sentencing hearing on whether consecutive sentences are mandated under the Three Strikes law. (See *People* v. *Monge* (1997) 16 Cal.4th 826, 831, 843 [66 Cal.Rptr.2d 853, 941 P.2d 1121]; *Monge* v. *California* (1998) 524 U.S. __ [118 S.Ct. 2246, 141 L.Ed.2d 615] [no jeopardy bar to retrial of sentencing factors].) If consecutive sentencing is not required by law, the court shall exercise discretion as to whether to impose consecutive or concurrent sentences. (Cf. *People* v. *Deloza, supra,* 18 Cal.4th at pp. 595-596.)

VII*

. . . . . . . . . . . . . . . . . . . . . . . . .

DISPOSITION

The judgment is reversed with respect to imposition of consecutive sentences on counts 1 and 3 and the precommitment credit award, and the matter is remanded for further proceedings consistent with the views expressed in this opinion. In all other respects, the judgment is affirmed.

Vogel (C. S.), P. J., and Hastings, J., concurred.

On October 27, 1998, the opinion was modified to read as printed above.

*See footnote, *ante,* page 128.