Filed 7/18/14  P. v. Lamply CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B252981 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA407611) |
| v. | |
| BERNARD LAMPLEY, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Craig E. Veals, Judge.  Affirmed.

Kevin Michele Finkelstein for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Defendant and appellant Bernard Lampley was convicted by jury of possession of cocaine base, in violation of Health and Safety Code section 11350, subdivision (a). Defendant admitted suffering prior convictions under the three strikes law (Pen. Code, §§ 667, subds. (a)-(d), 1170.12, subds. (b)-(i)). [1] The trial court sentenced defendant to 32 months in state prison, calculated as the low term of 16 month, doubled under the three strikes law as modified by Proposition 36. Defendant filed a timely notice of appeal.

This court appointed counsel to represent defendant on appeal from the judgment. On May 12, 2014, appointed counsel filed a brief raising no issues, asking this court to independently review the record for arguable appellate contentions under *People v. Wende* (1979) 25 Cal.3d 436. Defendant was advised of his right to file a supplemental brief within 30 days. Defendant filed a 128 page supplemental brief raising a variety of issues, all without merit, as discussed below.

We view the evidence in the light most favorable to the judgment. (*People v. Hall* (1998) 67 Cal.App.4th 128, 132.) Defendant was observed by narcotics officers throwing what appeared to be a cocaine pipe onto the roof of a building as officers approached. An officer saw a small rock of cocaine base, weighing .05 grams, fall from defendant's hand to the ground. The cocaine was seized, booked into a sealed evidence envelope, and analyzed by a chemist. The jury rejected the testimony of defendant and a co-arrestee, Athena Dowell, that the rock of cocaine belonged to Dowell and was not possessed by defendant. The jury also rejected defendant's contention that the evidence was fabricated due to a numbering error in the identification of the cocaine in the police and property reports.

Defendant's first contention is that he was denied due process because the trial court did not award him custody credit for time he served in a separate case, No. BA390654, for which he was on probation. The trial court terminated probation in case No. BA390654, without imposing sentence. The court therefore had no occasion to award credit for time served on the probation violation matter. To the extent defendant

---

[1] All statutory references are to the Penal Code, unless otherwise stated.

contends the credits on his probation case should be applied to his current conviction, the contention is frivolous. Defendant received both custody and conduct credit for the time he served prior to sentencing in this case. Defendant cannot "bank" credits earned on unrelated cases and apply them to new prosecutions. (*People v. Bruner* (1995) 9 Cal.4th 1178, 1183 [custody credit under section 2900.5 is given only where attributable to proceedings related to the same conduct].) No due process violation has been established.

Defendant next argues his demurrer was improperly overruled. "The legal grounds for demurrer to an accusatory pleading are limited to those specifically enumerated in Penal Code section 1004. [Citations.]" (*People v. Biane* (2013) 58 Cal.4th 381, 388.) Defendant's point appears to be that the felony complaint was defective because there was a combined police report and property report referring to both defendant and Dowell, and there was a conflict in the reports regarding the numbering of the items seized from the two arrestees. The use of combined police and property reports, and any error contained in those reports regarding the numbering of the items seized by the police, are not grounds for demurrer. (See § 1004.) Even if a demurrer should have been sustained, any error is clearly harmless, as defendant was duly held to answer at his preliminary hearing, and substantial evidence supports his conviction on appeal. (Cal. Const., art. VI, § 13.)

Defendant's third argument is that there was no showing of chain of custody over the evidence supporting his conviction. This is incorrect. The prosecution establishes a chain of evidence with proof that the evidence has not been altered and there is no unaccounted for vital link in the chain of possession; mere speculation that evidence has been altered is insufficient, and it is proper to admit the evidence and allow the jury to decide its weight. (*People v. Hall* (2010) 187 Cal.App.4th 282, 294.) The appellate record contains substantial evidence that the rock of cocaine was seized at the scene of defendant's arrest, it was booked into evidence in a sealed envelope, and later removed from the sealed envelope and weighed, photographed, and analyzed at the crime lab. Extensive testimony was presented at trial explaining the error in the numbering of the

items seized in the reports, none of which shows a break in the chain of evidence. The discrepancy in the weight of the rock of cocaine between the property report and the chemist's analysis was explained several times at trial—the property report uses a gross weight including the baggie containing the cocaine, while the chemist determines a net weight of the substance once it is removed from the baggie for analysis.

Defendant's fourth and final contention is that his conviction was the result of "deliberate fabricated evidence." This contention merely repeats defendant's complaint that the property and police reports contain an error in the numbering of the items booked after defendant and Dowell were arrested. "Conflicts and even testimony which is subject to justifiable suspicion do not justify the reversal of a judgment, for it is the exclusive province of the trial judge or jury to determine the credibility of a witness and the truth or falsity of the facts upon which a determination depends. (*People v. Huston* (1943) 21 Cal.2d 690, 693.) We resolve neither credibility issues nor evidentiary conflicts; we look for substantial evidence. (*People v. Ochoa* (1993) 6 Cal.4th 1199, 1206.)" (*People v. Maury* (2003) 30 Cal.4th 342, 403.) The inconsistent way in which the items of property were numbered in the police and property reports was thoroughly explained at trial. A reasonable jury could conclude the error in numbering was of no significance in determining whether defendant was in possession of the rock cocaine. Defendant has not established, as a matter of law, that his conviction was the result of fabricated evidence.

We have completed an independent examination of the entire record on appeal. No arguable appellate issues exist. The judgment is affirmed. (*Smith v. Robbins* (2000) 528 U.S. 259.)

KRIEGLER, J.

We concur:

TURNER, P. J.

MINK, J.[*]

---

[*] Retired judge of the Los Angeles County Superior Court assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.