Filed 9/21/15  P. v. Gonzales CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>PEDRO PAGAN GONZALES,<br><br>    Defendant and Appellant. | 2d Crim. No. B261367<br>(Super. Ct. No. YA049823-01)<br>(Los Angeles County) |

Pedro Pagan Gonzales appeals an order denying his petition to recall his 2002 third strike sentences pursuant to Proposition 36 (Pen. Code, § 1170.126),[1] following his convictions for first degree residential burglary (§ 459) (counts 1 and 2), possession of a firearm by a felon (former § 12021, subd. (a)(1) (count 4), receiving stolen property (§ 496) (counts 6-9), and conspiracy to commit residential burglary (§§ 182, subd. (a)(1), 459) (count 10).  Gonzales "was sentenced to a term of 100 years to life, consisting of four consecutive terms of 25 years to life" based on four third strikes: count 1 (first degree burglary), count 2 (first degree burglary), count 4 (possession of a firearm by a felon), and count 6 (receiving stolen property).  (*People v. Gonzales* (Oct. 15, 2003, No. B159396) [nonpub. opn.].)

---

[1] All statutory references are to the Penal Code.

We conclude the trial court erred by ruling Gonzales was "ineligible for resentencing" under Proposition 36 for any of his third strike convictions because "[o]ne of Defendant's current convictions is for first degree burglary." We reverse and remand.

## FACTS

In 2002, Gonzales was sentenced to four consecutive 25-year-to-life three strike terms. Two were based on third strikes for a serious felony--first degree residential burglary (counts 1 and 2). (§ 1192.7, subd. (c)(18).) The other two life sentences were based on felonies that qualified as third strikes prior to Proposition 36--possession of a firearm by a felon and receiving stolen property.

In 2014, Gonzales filed a petition "to recall sentence" pursuant to Proposition 36. (§ 1170.126.) He claimed that 1) only two of his four three strike life sentences were based on "serious" third strike felonies, and 2) he was eligible for resentencing on the two third strikes that were not serious or violent felonies.

The trial court ruled Gonzales was not eligible for resentencing on any of his third strike felonies. It said, "One of Defendant's current convictions is for first degree burglary in violation of Penal Code section 459, which is a serious felony . . . *thereby making Defendant ineligible for resentencing . . . .* " (Italics added.) It denied the petition "with prejudice."

## DISCUSSION

*Resentencing Under Proposition 36*

Gonzales contends the trial court erred by denying his petition to recall a "third 'strike' sentence for receiving stolen property" solely because one of his other convictions involved first degree residential burglary. The People agree and contend the court also improperly prevented him from seeking resentencing on the third strike for possession of a firearm by a felon.

Proposition 36, the Three Strikes Reform Act of 2012, "created a postconviction release proceeding," which gives a prisoner the opportunity to "have his or her sentence recalled." (*People v. Superior Court (Cervantes)* (2014) 225 Cal.App.4th 1007, 1010.) "[A] prisoner currently serving a sentence of 25 years to life under the pre-

2

Proposition 36 version of the Three Strikes law for a third felony conviction that was not a serious or violent felony may be eligible for resentencing as if he or she only had one prior serious or violent felony conviction." (*People v. White* (2014) 223 Cal.App.4th 512, 517.)

If the prisoner meets the "resentencing eligibility criteria" and is not subject to the "disqualifying exceptions or exclusions," he or she is "entitled to resentencing relief under the Reform Act," unless the court finds he or she "'would pose an unreasonable risk of danger to public safety.'" (*People v. White*, *supra*, 223 Cal.App.4th at p. 517.)

There are exclusions from resentencing where:  1) the current offense "involves controlled substances and specified findings are made concerning the quantity of controlled substances involved" or "specified" sex offenses; 2) "[d]uring *the commission of the current offense, the defendant used a firearm, was armed with a firearm*," or intended to cause great bodily injury; or 3) if the defendant has a prior conviction for "specified sex offenses," "any homicide offense or attempted homicide offense [§§ 187-191.5]," "solicitation to commit murder, assault with a machine gun on a peace officer or firefighter, possession of a weapon of mass destruction, or any serious or violent felony punishable in California by life imprisonment or death." (*People v. Johnson* (2015) 61 Cal.4th 674, 681-682, italics added.)

The People and Gonzales claim Gonzales does not fall within these exclusions.  They correctly note that his third strike for receiving stolen property is not a serious or violent felony.  (*People v. Hall* (1998) 67 Cal.App.4th 128, 139.) Consequently, Gonzales should have been permitted to pursue his petition for resentencing on that count.  (*People v. White*, *supra*, 223 Cal.App.4th at p. 517.)

The People also contend Gonzales "received a sentence of 25 years to life" based on another count that does "not qualify as a serious or violent" felony--possession of a firearm by a felon.  They claim, consequently, he "is eligible to be resentenced" on that count.

3

"For purposes of the Three Strikes law as amended by the Reform Act, this felony offense [possession of a firearm by a felon (§ 12021, subd. (a))] is not a violent felony within the meaning of section 667.5, subdivision (c), or a serious felony within the meaning of section 1192.7, subdivision (c)." (*People v. White*, *supra*, 223 Cal.App.4th at p. 518.) But where "the record establishes that a defendant convicted under the pre-Proposition 36 version of the Three Strikes law as a third strike offender of possession of a firearm by a felon *was armed with the firearm during the commission of that offense*, the armed-with-a-firearm exclusion applies and the defendant is not entitled to resentencing relief under the Reform Act." (*White*, at p. 519, italics added.)

The trial court did not reach these issues. It concluded Gonzales was precluded from resentencing on any count under Proposition 36 because he had a first degree burglary conviction in a separate count. But this barrier to resentencing was recently rejected by our Supreme Court in *People v. Johnson*, *supra*, 61 Cal.4th 674, 695. The court said, "[W]e conclude that resentencing is allowed with respect to a count that is neither serious nor violent, despite the presence of another count that is serious or violent." (*Ibid.*)

## DISPOSITION

The order denying the petition is reversed. On remand, the trial court shall consider the petition, exercise its discretion, and proceed consistent with *People v. Johnson*, *supra*, 61 Cal.4th 764.

NOT TO BE PUBLISHED.


GILBERT, P. J.

We concur:


YEGAN, J.


PERREN, J.

4

William C. Ryan, Judge

Superior Court County of Los Angeles

_____

Nancy Gaynor, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Victoria B. Wilson, Supervising Deputy Attorney General, Chung L. Mar, Deputy Attorney General, for Plaintiff and Respondent.