[No. E010176. Fourth Dist., Div. Two. Oct. 14, 1992.]

THE PEOPLE, Plaintiff and Respondent, v.
DANA SMITH, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of parts I and II.

**COUNSEL**

J. David Horspool, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Gary W. Schons, Assistant Attorney General, M. Howard Wayne and Demetra P. Lewis, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**TIMLIN, Acting P. J.**—By amended information, defendant was charged with two counts of sale of cocaine base (Health & Saf. Code, § 11352, subd. (a)), each of which counts was accompanied by a Penal Code section 667.5, subdivision (b) sentence enhancement allegation (that defendant had served a separate and prior prison term for the commission of a felony)—each of which sentence enhancement allegations referred to the same "prior prison term served."[1] After appropriate advisements and waivers had been, respectively, given and received, the trial court bifurcated the determination of the truth of the sentence enhancement allegations from the trial of the underlying offenses and retained that enhancement matter for its own determination without a jury. Following a jury trial on the underlying offenses, defendant was found guilty of both counts of sale of cocaine base. The trial court thereafter found true the section 667.5, subdivision (b) enhancement allegations.

At the sentencing hearing, the trial court imposed the following state prison sentence: (1) On each count of sale of cocaine base, the aggravated term of five years—the two terms to be served concurrently; (2) on each section 667.5, subdivision (b) enhancement, a one-year term—with the enhancement term on count two to be stayed pending successful completion of the remainder of the sentence.

Defendant timely appealed from the judgment entered in accordance with the above.

On appeal, defendant raises three contentions: (1) There was insufficient evidence to support convictions on two separate counts of sale of cocaine base; (2) the trial court misapplied the "sophistication and professionalism" aggravating sentencing factor in imposing an upper term for defendant's conviction; and (3) the trial court erred in twice enhancing his sentence on the basis of the same "prior prison term served" (once for each count of sale of cocaine base) rather than striking one of the two enhancement allegations made by the People. We shall conclude that defendant's first two contentions are without merit, but that his third contention is meritorious and requires a modification of the sentence imposed in this matter. Consequently, we shall modify the sentence imposed by the trial court below, and will affirm the judgment in all other respects.

### FACTS

During the early evening hours of May 17, 1991, Christian Parlier (Parlier) and Ernie Limon (Limon), investigators with the Department of Alcoholic

---

[1]Unless otherwise indicated, all statutory citations refer to the Penal Code.

Beverage Control, approached the Les Pyrenees bar in the city of Victorville. The investigators were in the process of concluding "an undercover narcotics buy program." The investigators had made numerous "controlled buys" of narcotics from in and around the Les Pyrenees bar over the preceding two months.

As the two investigators approached the entrance to Les Pyrenees, they came in contact with defendant. Defendant was sitting or crouching down to the left side of the entrance. The three men exchanged initial greetings, and defendant then asked the two investigators "what [they] were looking for." ██ ██ In response, Limon asked defendant for "a 20."[2] Immediately thereafter, Parlier also asked defendant for "a 20." ██ ██ Defendant gave both Limon and Parlier "a beige [or white] rock-like substance"—in exchange for which Limon and Parlier both gave defendant a "prerecorded" 20-dollar bill.[3]

Limon and Parlier left Les Pyrenees shortly thereafter and continued their "controlled buy" activities at another location. While at the other location, the two investigators passed on defendant's description to the local law enforcement authorities who were working together with the Department of Alcoholic Beverage Control on the narcotics buy program. Later that evening, defendant was arrested at Les Pyrenees and was identified by Limon as the person who had sold the "20's" to him and to Parlier.

Additional facts will be referred to, as needed, in the discussion which follows.

DISCUSSION

I., II.*

. . . . . . . . . . . . . . . . . . . . . . . . . . . .

III.

*Failure to Strike a "Prior Prison Term Served"*
*Sentencing Enhancement*

The section 667.5, subdivision (b) "prior prison term served" sentence enhancements alleged by the People and found true and imposed by the trial

---

[2]"A 20" is common street slang for the amount of narcotics that can be purchased for $20—at that time, approximately one-quarter gram of narcotics.

[3]"Prerecorded" bills are those whose serial numbers are previously noted (by photocopying or manual listing) by law enforcement authorities to permit later "tracking" of the money.

*See footnote, *ante*, page 178.

court with respect to the two counts of sale of cocaine base both had reference to one and the same prior prison term. ■ Citing section 1170.1, *People* v. *Tassell* (1984) 36 Cal.3d 77 [201 Cal.Rptr. 567, 679 P.2d 1] and *People* v. *Decker* (1988) 199 Cal.App.3d 694 [245 Cal.Rptr. 40], defendant argues that only one section 667.5, subdivision (b) sentence enhancement should have been made a part of his aggregate sentence, and that the second section 667.5, subdivision (b) enhancement should have been stricken by the trial court instead of having been imposed (and then stayed).[7] We agree.

*Tassell* forms the cornerstone of defendant's argument on this issue. In *Tassell*, our Supreme Court stated: "Section 1170.1 refers to two kinds of enhancements: (1) those which go to the nature of the offender; and (2) those which go to the nature of the offense. Enhancements for prior convictions— authorized by sections 667.5, 667.6 and 12022.1—are of the first sort. The second kind of enhancements—those which arise from the circumstances of the crime—are typified by sections 12022.5 and 12022.7: was a firearm used or was great bodily injury inflicted? Enhancements of the second kind enhance the several counts; those of the first kind, by contrast, have nothing to do with particular counts but, since they are related to the offender, are added only once as a step in arriving at the aggregate sentence. [¶] Section 1170.1 . . . makes it very clear that enhancements for prior convictions do not attach to particular counts but instead are added just once as the final step in computing the total sentence." (36 Cal.3d, at p. 90, fn. omitted.)

The People have criticized defendant's argument as being based on inapposite authority, pointing out that section 1170.1, *Tassell* and *Decker* all concern consecutive sentences—while this case involves an imposition of concurrent sentences. The People's argument is taken almost verbatim from a 1988 depublished opinion, *People* v. *Maeshack* *(Cal.App.).

Notwithstanding the fact that *Tassell* was a "section 1170.1 case," and importing no significance one way or the other to the depublication of *Maeshack*, we are of the opinion that the general observations contained in the above quotation from *Tassell* are equally valid, and equally applicable, to cases in which sentences are imposed concurrently. Irrespective of whether a defendant's various sentences on multiple convictions are imposed so as to run consecutively or concurrently, section 667.5, subdivision (b) enhancements *"do not attach to particular counts."* To the extent that defendant had

---

[7]We are not sure what real and practical difference this makes to defendant—either in the short run or in the long run. Nevertheless, we do not quarrel with defendant's interest in having an accurate and legal aggregate sentence imposed on him in accordance with the law.

*Reporter's Note: Opinion (B025064) deleted upon direction of Supreme Court by order dated August 18, 1988.

suffered only *one* "prior prison term served," only *one* section 667.5, subdivision (b) enhancement should have been alleged by the People and found true and imposed by the trial court.

The most appropriate manner by which to remedy the improper imposition of sentence on both section 667.5, subdivision (b) enhancements in this case (notwithstanding the fact that the trial court stayed execution of one of the same) is for this court to reverse that portion of the aggregate sentence imposed below with regard to the section 667.5, subdivision (b) sentence enhancement alleged by the People as to the second count of sale of cocaine base and remand the matter to the trial court with directions (a) that the true finding as to the enhancement in question be set aside and (b) that the enhancement allegation appended to the second count of sale of cocaine base be stricken. (*People v. Massengale* (1970) 10 Cal.App.3d 689, 693-694 [89 Cal.Rptr. 237]; see *People v. Irvin* (1991) 230 Cal.App.3d 180, 192 [281 Cal.Rptr. 195].)

## DISPOSITION

The aggregate sentence rendered in this matter is reversed insofar as the section 667.5, subdivision (b) enhancement sentence imposed in connection with the second count of sale of cocaine base is concerned; in all other respects the judgment entered below is affirmed in full. This matter is remanded to the trial court with directions that it (1) set aside its true finding as to the section 667.5, subdivision (b) enhancement allegation appended to the second count of sale of cocaine base, (2) strike the section 667.5, subdivision (b) enhancement allegation asserted by the People in connection with the second count of sale of cocaine base, (3) prepare a corrected abstract of judgment in accordance herewith and (4) forward copies of such corrected abstract to the appropriate correctional authorities.

McKinster, J., and McDaniel, J.,* concurred.

---

*Retired Associate Justice of the Court of Appeal, Fourth District, senior judge status (Gov. Code, § 75028.1), sitting under assignment by the Chairperson of the Judicial Council.