Filed 4/16/14  P. v. Faulkner CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>  Plaintiff and Respondent,<br><br>  v.<br><br>THOMAS FAULKNER,<br><br>  Defendant and Appellant. | F066190<br><br>(Super. Ct. No. MF010070A)<br><br>**OPINION** |

-ooOoo-

### THE COURT*

APPEAL from a judgment of the Superior Court of Kern County.  John W. Lua, Judge.

Jean Marinovich, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, and Eric L. Christoffersen, Deputy Attorney General, for Plaintiff and Respondent.

-ooOoo-

---

\*        Before Levy, Acting P.J., Cornell, J. and Peña, J.

Defendant Thomas Faulkner was convicted of attempted murder (Pen. Code, §§ 664, 187, subd. (a);**1** count 1) and assault with a deadly weapon in a correctional institution (§ 4501; count 2).  Various allegations, including two prior prison term allegations pursuant to section 667.5, subdivision (b), which were connected to both counts.  The trial court sentenced defendant on count 1 to 25 years to life, plus six years in enhancements, including 2 one-year prior prison term enhancements.  On count 2, the court imposed an identical term, then stayed it pursuant to section 654.  On appeal, defendant contends the prior prison term enhancements may be applied only once per case.  The People concede and we agree.

It is settled that sentencing enhancements for prior prison terms do not attach to particular counts.  (*People v. Smith* (1992) 10 Cal.App.4th 178, 182.)  In *Smith*, the trial court erred in sentencing the defendant to a one-year enhancement for a prior prison term on each of two counts.  On appeal, the court explained that the prior prison terms were "one and the same."  (*Ibid*.)  Enhancements that relate to the nature of the offender, not to the nature of the offense, "'have nothing to do with particular counts [and] … are added only once as a step in arriving at the aggregate sentence.'"  (*Ibid*.)

Accordingly, in this case, the two section 667.5, subdivision (b) enhancements on count 2 must be stricken, not stayed.

### DISPOSITION

The two stayed Penal Code section 667.5, subdivision (b) enhancements on count 2 are stricken.  As so modified, the judgment is affirmed.  The trial court is directed to prepare an amended abstract of judgment and forward copies to the appropriate entities.

---

**1**    All further statutory references are to the Penal Code.