Filed 8/14/14  P. v. Corbin CA5

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>JAMES DONALD CORBIN,<br><br>Defendant and Appellant. | F066891<br><br>(Super. Ct. Nos. CRM023116,<br>CRM024201)<br><br>**O P I N I O N** |

-ooOoo-

### THE COURT\*

APPEAL from a judgment of the Superior Court of Merced County.  Donald J. Proietti, Judge.

Julia J. Spikes, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

\*       Before Cornell, Acting P.J., Kane, J., and Franson, J.

On June 27, 2012, in Merced County Superior Court case No. CRM023116 (first case), appellant, James Donald Corbin, pleaded no contest to unlawful taking and driving of a vehicle (Veh. Code, § 10851) and admitted enhancement allegations that he had served two separate prison terms for prior felony convictions (Pen. Code, § 667.5, subd. (b)).[1] That same date, the court imposed a four-year sentence under section 1170, subdivision (h)(5)(b), consisting of the two-year midterm on the substantive offense and one year on each of the prior prison term enhancements. The court ordered that appellant serve one year of this sentence in local custody, suspended the remaining three years of the sentence and placed appellant on mandatory community supervision for that period.

On August 2, 2012, the court issued a bench warrant for appellant's failure to appear and for violations of conditions of community supervision.

On December 21, 2012, in Merced County Superior Court case No. CRM024201 (second case), a jury acquitted appellant on a charge of assault with a deadly weapon on a peace officer (§ 245, subd. (c); count 1) and the lesser included offense of assault on a peace officer (§ 241, subd. (c)), and convicted him of evading a police officer while driving recklessly (Veh. Code, § 2800.2, subd. (a); count 2) and receiving a stolen motor vehicle (§ 496d, subd. (a); count 3). In a separate proceeding, appellant admitted two prior prison term enhancement allegations (§ 667.5, subd. (b)). These enhancements were based on the same convictions and prison terms underlying the prior prison term enhancements on which sentence was imposed in the first case.

On January 23, 2013, the court found that appellant had violated his probation in the first case by virtue of his conviction in the second case. On January 25, 2013, the court imposed sentence in both cases, as follows: In the second case, five years eight

---

[1]     Except as otherwise indicated, all further statutory references are to the Penal Code.

months, consisting of the three-year upper term on the Vehicle Code violation, eight months on the receiving stolen property conviction and one year on each of the two prior prison term enhancements, and in the first case, a concurrent four-year term, consisting of two years on the substantive offense and one year on each of the two prior prison term enhancements.

Appellant has appealed from the judgment of conviction in the second case and the finding that he violated his probation in the first case.

Appellant's appointed appellate counsel has filed an opening brief which summarizes the pertinent facts, with citations to the record, raises no issues, and asks that this court independently review the record. (*People v. Wende* (1979) 25 Cal.3d 436.) Appellant has not responded to this court's invitation to submit additional briefing. We will modify the judgment to correct sentencing errors, which we discuss below, and in all other respects affirm.

## FACTS[2]

On the afternoon of August 16, 2012 (August 16), John Thai reported the following to a City of Merced police officer: He left his truck running while he walked up to a residence and placed a "work tag" on the front door, and when he was walking back to his truck he saw a white female get in the truck and drive away.

Merced County Deputy Sheriff Dylan Buessing testified to the following: On the afternoon of August 16, after having received a report of a stolen white pickup belonging to Terminix, he was driving his patrol vehicle when he saw a white Terminix pickup, driven by appellant. Appellant and Buessing passed each other traveling in opposite

---

[2] Because the instant appeal is not from the judgment of conviction in the first case, and the matters that are cognizable on appeal—the judgment of conviction in the second case and the violation of probation in the first case—are based on the facts underlying appellant's convictions in the second case, our factual summary is limited to the facts of the second case.

directions, at which point Buessing turned around and activated his emergency lights. Appellant however, failed to stop at a stop sign and kept going. Buessing activated his "red lamp" and, after observing appellant fail to stop at another stop sign, activated his siren. Eventually, appellant drove through a small opening in a fence and into a field, where he came to a stop. Buessing, in his patrol car, followed appellant into the field.

The pursuit to this point lasted 3 minutes and 21 seconds, during which time appellant ran another stop sign and maintained "a good distance on [Buessing]," even though the deputy reached speeds of 70 miles per hour while driving through an orchard and 100 miles per hour on the roadway.

After stopping in the field, appellant got out of the pickup, but when Buessing "came up behind" the vehicle, appellant got back in, at which point, as the deputy was driving toward the pickup, appellant, driving in reverse gear, "ramm[ed]" Buessing's patrol car with enough force to lift the rear end of the patrol car off the ground. Next, appellant "put the [pickup] in drive and struck the driver's side" of the patrol car. Appellant then "drove off" and Buessing, his patrol car disabled, was unable to follow.

Merced County Deputy Sheriff Clint Landrum testified to the following: On August 16, after responding to a dispatch report of a stolen vehicle, he saw appellant and Buessing drive into the field. He observed appellant drive the pickup into Buessing's car twice and then drive out of the field the same way he entered.

Landrum and City of Merced police officers took up the vehicle pursuit, which ended approximately one-half hour later when appellant stopped, got out of the pickup and ran off. Landrum apprehended him a short distance away and took him into custody.

During the portion of the pursuit in which Landrum participated, appellant drove onto the grounds of a school, where both children and adults were present, "at a high rate of speed"; reached a speed of 90 miles per hour on a roadway where the posted speed limit was 55 miles per hour; and failed to stop at another stop sign.

4

**DISCUSSION**

The court erred in imposing, as part of the concurrent term imposed in the first case, one year on each of the two prior prison term enhancements.

"Irrespective of whether a defendant's various sentences on multiple convictions are imposed so as to run consecutively or concurrently, section 667.5, subdivision (b) enhancements 'do not attach to particular counts.' To the extent that defendant had suffered only one 'prior prison term served,' only one section 667.5, subdivision (b) enhancement should have been alleged by the People and found true and imposed by the trial court." (*People v. Smith* (1992) 10 Cal.App.4th 178, 182-183.) While *Smith* dealt with two enhancements imposed in a single case, the analysis remains applicable when a defendant is sentenced to a determinate sentence on convictions from multiple cases. Under section 1170.1, "enhancements for prior convictions ... are added just once as the final step in computing the total sentence" (*People v. Tassell* (1984) 36 Cal.3d 77, 90, fn. omitted, overruled on an unrelated point in *People v. Ewoldt* (1994) 7 Cal.4th 380, 401), and the sentencing procedures apply regardless of the number of proceedings, i.e., case numbers, under which a defendant is being sentenced. (See generally, *People v. Williams* (2004) 34 Cal.4th 397, 402 ["trial court must impose a sentence enhancement for a prior felony conviction ... only once, regardless of the number of new felony offenses"].)

Imposition of sentence on both of appellant's prior prison term enhancements twice, in both the first and second cases, constitutes an unauthorized sentence. (See *People v. Nasalga* (1996) 12 Cal.4th 784, 789, fn. 4.) Accordingly, we will strike the prior prison term enhancements in the first case. (*People v. Scott* (1994) 9 Cal.4th 331, 354, fn. 17 [unauthorized sentence will be corrected by the appellate court despite failure to raise the issue below].) Thus, appellant's sentence includes two one-year terms on the prior prison term enhancements, those enhancements are not associated with any

5

particular count, and the concurrent term imposed in the first case consists of only the two-year term imposed on the substantive offense in that case.

We also note the following. In sentencing appellant in the second case, the court purported to impose the two prior prison term enhancements in connection with the Vehicle Code violation count (count 2) but stay those enhancements in connection with the count of receiving a stolen motor vehicle (count 3). This was error in that, as demonstrated above, these enhancements may be imposed only once, without reference to any particular count(s). Therefore, there is no basis for either imposing the enhancements specifically as to count 2 or staying the enhancements with respect to count 3, assuming that the staying of prior prison term enhancements is ever possible. (See *People v. Langston* (2004) 33 Cal.4th 1237, 1241 ["Once the prior prison term is found true ... the trial court may not stay the ... enhancement, which is mandatory unless stricken"].) Accordingly, we will modify the judgment to remove any reference to particular counts with respect to the prior prison term enhancements and to vacate the portion of the sentence staying the prior prison term enhancement with respect to count 3.

The amended abstract of judgment which we direct the trial court to prepare should indicate that two prior prison term enhancements were imposed, but the abstract should not associate the enhancements with any particular count and should not indicate that any enhancements were stayed.

Following independent review of the record, we have concluded that no other reasonably arguable legal or factual issues exist.

### DISPOSITION

The judgment is modified as follows: The two one-year prior prison term enhancements imposed as part of the concurrent term in case No. CRM023116 are stricken, the stay of those enhancements as to count 3 in case No. CRM024201 is vacated, and those two enhancements are imposed without reference to any particular

count(s). The trial court is directed to prepare an amended abstract of judgment and to forward a certified copy of the amended abstract to the Department of Corrections and Rehabilitation. As modified, the judgment is affirmed.