Filed 3/14/16  P. v. McPherson CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>MICHAEL ROBERT MCPHERSON,<br><br>    Defendant and Appellant. | C078083<br><br>(Super. Ct. Nos. 12F6348,<br>14F4595) |

Appointed counsel for defendant Michael Robert McPherson asked this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Finding no arguable error that would result in a disposition more favorable to defendant, we will affirm the judgment.

## I

In case No. 12F6348, defendant pleaded guilty to vehicle theft with a prior felony conviction. (Pen. Code, § 666.5, subd. (a).)[1] He also admitted two prior prison term enhancement allegations based on a 2006 felony conviction for possession of a controlled substance and a 2009 conviction for petty theft with a prior theft conviction. (Health & Saf. Code, § 11377, subd. (a); § 666, 667.5, subd. (b).) On January 7, 2014, the trial court denied probation and sentenced defendant to county jail for six years with a split term consisting of the following: three years in jail and execution of the remaining three years in jail suspended with mandatory supervision for those three years. The trial court ordered credit for time served and awarded 457 days of presentence credit.

In case No. 14F4595, defendant pleaded no contest to escape while charged with a felony (§ 4532, subd. (b)(1)) and admitted violating his mandatory supervision in case No. 12F6348. Proposition 47, the Safe Neighborhoods and Schools Act, became effective on November 5, 2014. On November 7, 2014, the trial court sentenced defendant to a six-year eight-month state prison term. The trial court granted defendant's request for a certificate of probable cause.

## II

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra,* 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing the opening brief. More than 30 days elapsed and we initially received no communication from defendant.

Nevertheless, we requested supplemental letter briefs from the parties because under Proposition 47, defendant's prior felony offenses for possession of a controlled

---

[1] Undesignated statutory references are to the Penal Code.

substance and petty theft with a prior theft conviction are now misdemeanors. (Health & Saf. Code, § 11377, subd. (a); § 666; see also § 1170.18.) We asked the parties to address the following issues:

A. Was defendant's sentence final on the enhancements in case No. 12F6348 when the trial court sentenced him for escape in case No. 14F4595 and for violating his mandatory supervision in case No. 12F6348?

B. Was defendant's trial counsel ineffective in not filing an application pursuant to section 1170.18 to reduce the felonies underlying the enhancements to misdemeanors?

Defendant's supplemental brief does not directly answer the first question, whether the sentence on his enhancements was final on November 7, 2014. Instead, he represents that on November 26, 2014, the trial court granted defendant's section 1170.18 petition and reduced the enhancement offenses from felonies to misdemeanors. That petition and the trial court's order on the petition are not part of the record on appeal. Defendant also claims the enhancements are no longer valid after the passage of Proposition 47, arguing that when a prior term is reimposed to run consecutively with a subsequent term, a new single sentence is created. Regarding our second question, defendant argues that his trial counsel was ineffective, but for a different reason: that counsel was deficient in failing to advise defendant regarding Proposition 47, and thus defendant's plea was not voluntary.

The Attorney General counters that the enhancements were final at the November 7, 2014 sentencing hearing because defendant did not appeal in case No. 12F6348 following the imposition of the enhancements on January 7, 2014. The Attorney General argues the judgment became final in the spring of 2014. In addition, on the question of ineffective assistance, the Attorney General asserts there was no prejudice because redesignation of defendant's prior convictions pursuant to section 1170.18 does not operate to retroactively invalidate the enhancement sentence.

We conclude (A) the enhancements were final as of the November 7, 2014 sentencing hearing, and (B) due to a lack of prejudice, ineffective assistance of counsel is not established because redesignation of defendant's prior convictions pursuant to section 1170.18 did not operate to retroactively invalidate the enhancement sentence.

A

We first asked the parties to provide supplemental letter briefs addressing whether defendant's sentence was final on the enhancements by November 7, 2014. We conclude the enhancement sentence was final at that time.

Defendant admitted the enhancements in case No. 12F6348 on August 12, 2013, and he was sentenced on those enhancements when he was given a split term of county jail with execution suspended and mandatory supervision. Even if we were to consider a split term to be the equivalent of a grant of probation (cf. *People v. Fandinola* (2013) 221 Cal.App.4th 1415, 1422 [split term under section 1140 is "akin to a state prison commitment"]), defendant was still sentenced at that time because the trial court imposed and suspended execution of a term of incarceration. An order granting probation and imposing sentence, the execution of which is suspended, is an appealable order. (§ 1237, subd. (a).) "In general, an appealable order that is not appealed becomes final and binding and may not subsequently be attacked on an appeal from a later appealable order or judgment. [Citation.]" (*People v. Ramirez* (2008) 159 Cal.App.4th 1412, 1421.) When a trial court grants probation, "a defendant has the opportunity to challenge the sentence in an appeal from the order granting probation. [Citation.] If the defendant allows the time for appeal to lapse during the probationary period, the sentence becomes final and unappealable. [Citation.]" (*Ibid*.) Defendant did not appeal from case No. 12F6348 when the initial sentence was pronounced. That sentence, including the prior prison term enhancements, was already final when he was sentenced on November 7, 2014.

4

Of course, the finality of the sentence did not preclude defendant from seeking to reduce the underlying offenses from felonies to misdemeanors. Section 1170.18 allows a defendant to petition for recall of sentence and resentencing on those counts that Proposition 47 changes from felonies to misdemeanors. (§ 1170.18, subd. (a); *People v. Noyan* (2014) 232 Cal.App.4th 657, 672.) According to defendant, his petition was successful in late November 2014.

But defendant argues he should not have received the enhancements at all if the underlying offenses were no longer felonies. He states that when a defendant is sentenced on multiple felonies arising out of different convictions, the terms on the various counts are combined as though they were all counts in the most recent case. (§ 1170.1, subd. (a); Cal. Rules of Court, rule 4.452.) He adds that prior prison term enhancements do not attach to a particular count, but are instead a separate part of the total term. (*People v. Smith* (1992) 10 Cal.App.4th 178, 182.) Conceding that there is no caselaw directly on point, he argues an analogy may be drawn by looking to section 17, subdivision (b)(3) and the discussion in *People v. Park* (2013) 56 Cal.4th 782 (*Park*). Those authorities are inapposite.

In *Park*, the California Supreme Court held that a felony conviction properly reduced to a misdemeanor under section 17, subdivision (b), could not *subsequently* be used to support an enhancement under section 667, subdivision (a). (*Park, supra*, 56 Cal.4th at p. 798.) However, the Supreme Court emphasized the distinction between retroactive and prospective application, noting the defendant in that case would have been subject to the enhancement if he had committed the crimes and been convicted of them before the trial court reduced the prior offense to a misdemeanor. (*Park, supra*, 56 Cal.4th at p. 802.) The Supreme Court added, "None of the cases relied upon by the Attorney General involves the situation in which the trial court has affirmatively exercised its discretion under section 17(b) to reduce a wobbler to a misdemeanor before

5

the defendant committed and was adjudged guilty of a subsequent serious felony offense." (*Id*. at pp. 799-800.)

Here, long before defendant's prior convictions underlying the enhancements were reduced to misdemeanors, his enhancement sentence became final, he committed his current offenses, he was found guilty of them, and he was sentenced. It would be an impermissible retroactive application of Proposition 47 to apply the subsequent reduction of the underlying prior offenses and thereby strike the enhancements.

B

We also asked the parties to address in supplemental letter briefs whether defendant's trial counsel was ineffective in not filing an application pursuant to section 1170.18 to reduce the felonies underlying the enhancements to misdemeanors. We conclude ineffective assistance is not established.

Defendant represents that after the November 7, 2014 sentencing, the trial court issued an order on November 26, 2014, granting defendant's section 1170.18 petition and reducing his 2006 felony conviction for possession of a controlled substance and his 2009 felony conviction for petty theft with a prior theft conviction to misdemeanors. The petition and the order are not part of the appellate record and we do not know when the petition was filed. Without such a record we cannot speculate on counsel's diligence in bringing the issue to the trial court's attention.

In any event, we conclude there was no prejudice. Redesignation of defendant's prior convictions pursuant to section 1170.18 did not operate to retroactively invalidate the enhancement sentence.

Defendant argues that reducing a conviction from a felony to a misdemeanor "has the result of changing the status of the defendant from a felon to a misdemeanant for all purposes." According to defendant, this includes using the former felony as the basis for a prior prison term allegation. But in *People v. Rive*ra (2015) 233 Cal.App.4th 1085, the court held that the parallel language of section 1170.18, subdivision (k) and section 17

6

should be interpreted the same way, as providing prospective application.  (*Rivera*, at p. 1100; see *People v. Moomey* (2011) 194 Cal.App.4th 850, 857.)  Although *Rivera* addressed subdivision (k) in a different context, its analysis is equally applicable here.  Absent prejudice, ineffective assistance is not established.

C

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment is affirmed.

_____/S/_____<br>
Mauro, J.

We concur:

_____/S/_____<br>
Hull, Acting P. J.

_____/S/_____<br>
Renner, J.